1

Clayton P. Brust, Esq. (SBN 5234)
**ROBISON, BELAUSTEGUI, SHARP & LOW**

2

71 Washington Street
Reno, Nevada 89503

3

(775) 329-3151

4

5

Dennnis V. Menke, Esq. (CA SBN 35104)
**MENKE & MENKE, LLP**

6

3161 Michelson Drive, Suite 1500
Irvine, CA 92612-4414

7

Telephone:   (949) 223-7280

8

Facsimile:     (949) 606-7284
dmenke@menke-menke.com

9

*(Pro Hac Vice)*

10

11

Lorraine G. Howell (CA SBN 202319)
**LAW OFFICES OF LORRAINE HOWELL**

12

301 E. 17th Street, Suite 210
Wells Fargo Building

13

Costa Mesa, CA  92627
Telephone:   (949)646-5363

14

lghowell@sbcglobal.net

15

*(Pro Hac Vice)*

16

*Attorneys for Plaintiffs, THE PIATELLI COMPANY, INC.,*
*MARIO PIATELLI , JACK G. FROST,*

17

*JACK GIBSON FROST, INC., J.D. HUNT,*
*HUNT BROS. PRODUCING CO., INC. and*

18

*ROBERT DIERKING*

19

UNITED STATES DISTRICT COURT

20

DISTRICT OF NEVADA -- RENO

21

22

23

THE PIATELLI COMPANY, INC., a California
corporation; MARIO PIATELLI, an individual;

24

JACK G. FROST, an individual; JACK GIBSON
FROST, INC., a California corporation; J.D.

25

HUNT, an individual; HUNT BROS.
PRODUCING CO., INC., an Oklahoma

26

corporation; and ROBERT DIERKING, an
individual

27

28

Plaintiffs,

)  Case No.:   3:12-cv-00225-RCJ-WGC
)
)
)
)  **PRELIMINARY INJUNCTION**
)
)  Complaint Filed:     April 23, 2012
)
)
)
)
)
)

1    vs.                                              )
                                                      )
2    ALAN CHAMBERS, an individual; LAURA              )
     CHAMBERS, an individual, and DOES 1 through      )
3    10,                                              )
                                                      )
4                Defendants.                          )
                                                      )
5                                                     )
                                                      )
6    _____)

7

8        Plaintiffs THE PIATELLI COMPANY, INC; MARIO PIATELLI; JACK G. FROST JACK

9    GIBSON FROST, INC; J.D. HUNT; HUNT BROS. PRODUCING CO., INC; and ROBERT

10   DIERKING (hereinafter collectively "Plaintiffs") having filed their complaint for a temporary

11   restraining order, preliminary injunction, and permanent injunction and other relief in this matter, and

12   having applied with notice for a temporary restraining order pursuant to Rule 65 of the Federal Rules

13   of Civil Procedure, and the Court having considered the complaint, Plaintiffs' brief, declarations,

14   exhibits, and other materials filed in support thereof, and the parties having been heard by the Court at

15   a hearing on May 3, 2012, and now being advised in the premises, and the parties agreeing hereto,

16   finds as follows:

17        1.      Complete diversity of the parties exists and this Court has jurisdiction of the subject

18   matter of this case and of the parties.  The Complaint states a claim upon which relief may be granted.

19        2.      Good cause exists to believe that Plaintiffs will ultimately succeed in establishing that

20   the above named Defendants have engaged in, and are likely to continue to engage in, the wrongful

21   acts alleged in the Complaint and Plaintiffs are likely to prevail on the merits.

22        3.      Good cause exists to believe that Plaintiffs will suffer immediate and irreparable injury,

23   loss, or damage unless Defendants are immediately restrained and enjoined in the manner set forth

24   below.  This irreparable injury, loss, or damage, includes the impairment of their relationship with The

25   Yasheng Group and the potential loss of a one-of-a-kind sale opportunity.

26        4.      Weighing the equities and considering Plaintiffs' likelihood of ultimate success, a

27   Preliminary Injunction is in the public interest.

28

Menke &
Menke, LLP

1    5.    No security is required because Defendants will not sustain any costs or damages as a

2  result of the Preliminary Injunction.

3                                    **DEFINITIONS**

4    For purposes of this Preliminary Injunction, the following definitions shall apply:

5    1.    **"Defendants"** means ALAN CHAMBERS, LAURA CHAMBERS, and each of them,

6  by whatever names each may be known, as well as their successors, assigns, agents, servants,

7  employees, salespersons, attorneys and those persons or entities in active concert or participation with

8  them who receive actual notice of this Preliminary Injunction by personal service, facsimile, e-mail,

9  publication, or otherwise, whether acting directly or through any corporation, subsidiary, division or

10  other devise.

11   2.    **"Lucky Boy LLC"** means Lucky Boy Mining and Development, LLC, a Nevada

12  limited liability company.

13   3.    **"Operating Agreement"** means the March 8, 2007 Lucky Boy Mining and

14  Development, LLC Operating Agreement.

15   4.    **"Plaintiffs"** means THE PIATELLI COMPANY, INC; MARIO PIATELLI; JACK G.

16  FROST, JACK GIBSON FROST, INC; J.D. HUNT; HUNT BROS. PRODUCING CO., INC; and

17  ROBERT DIERKING.

18   5.    **"Prohibited Acts"** means:

19       a.  entering the Subject Property at any time from fourteen (14) days after the date and

20           time of this Preliminary Injunction through any period that The Yasheng Group has

21           a contractual right to:  (1) conduct its due diligence relating to the Subject Property;

22           (2) exercise an option to lease the Subject Property; (3) the lease term if The

23           Yasheng Group exercises such option; and (4) any time during which The Yasheng

24           Group has a contractual right to purchase the Subject Property; and

25       b.  taking any actions which might interfere with the any contract between Lucky Boy

26           LLC and The Yasheng Group, including, but not limited to:  (1) directly or

27           indirectly contacting The Yasheng Group, its directors, officers, managers,

28

employees, agents, professional consultants, shareholders, or representatives in person, by telephone, by e-mail, by text message, by facsimile, or in any other manner; (2) making any defamatory statements about the Lucky Boy LLC, the Plaintiffs, or The Yasheng Group; or (3) purporting to take any actions on behalf of Lucky Boy LLC without first complying with the requirements of Lucky Boy LLC's Operating Agreement.

6.    **"Subject Property"** means that certain 800+/- acre real property, including a mine, located in Mineral County, Nevada that is identified by Assessor's Parcel Numbers 06-420-27 and 06-420-30 and more particularly described as:

PARCEL 1
Township 7 North, Range 29 East, M.D.B. & M.
Section 25:  The West Half (W1/2) of the Southwest Quarter (SW1/4)
Section 26:  All
            Excepting therefrom the North Half (N1/2) of the Northwest
            Quarter (NW1/4)
                    PARCEL 2
Township 7 North, Range 29 East, M.D.B. & M.
Section 27:     Southeast Quarter (SE1/4)

7.    **"THE YASHENG GROUP"** means The Yasheng Group, Inc., a California corporation and its directors, officers, managers, employees, agents, shareholders, or representatives.

### PRELIMINARY INJUNCTION

**IT IS THEREFORE ORDERED** that, Defendants, and each of them are immediately restrained and enjoined from engaging in any of the Prohibited Acts. This Preliminary Injunction is issued May 3, 2012 and shall remain in effect during the pendency of this matter.

DATED:   May 3, 2012

_____
The Honorable Robert C. Jones
United States District Judge

Menke &
Menke, LLP